GREGORY; for appellee, Messrs. DENT & BLACK.   Opinion filed June 9, 1886.

No. 80-2350. Chicago, Milwaukee & St. Paul Railway Company v. Zieman. This was an action by appellee against the railway company, appellant, to recover for a personal injury to the former whereby he lost a leg, occasioned November 19, 1879, as it was alleged, by the negligence of the defendant's servants in running an engine at an improper rate of speed, and without giving the proper signals, at a place where the tracks of the defendant crossed May street, in the city of Chicago. Judgment for $2,500 for appellee. The judgment is reversed for error in appellee's instruction, which is at variance with the rule that the doctrine of comparative negligence can not be invoked except where the injured party was in the exercise of ordinary care to avoid injury. The rule that where the evidence is conflicting, the verdict of the jury must be taken as the proper conclusion from the evidence is subject to the qualification that the jury were accurately instructed. Opinion by McALLISTER, J. Judge below, KIRK HAWES. Attorneys, for appellant, Mr. E. WALKER; for appellee, Mr ARTHUR SCHROEDER and Mr. FRANK J. LOESCH. Opinion filed June 16, 1886.

### SECOND DISTRICT.

No. 1421. Saunderson v. Town of La Salle. Section 89 of Chap. 110, Rev. Statutes, provides that all appeals from inferior courts in cases relating to *revenue* shall be taken direct to the Supreme Court. This suit relates to *revenue*, and the appeal should have been taken to the Supreme Court: Wing v. People, 7 Bradwell, 224; 9 Bradwell, 520 and 550 ; 5 Bradwell, 558 ; 98 Ill. 343. It is insisted by the appellant that the appellee has, by stipulation, consented to this court taking jurisdiction of this case. This court can not acquire jurisdiction by such consent : 4 Gil. 131 ; 71 Ill. 278 ; 91 Ill. 318. Motion to dismiss appeal allowed. Appeal dismissed. Leave to appellant to withdraw record, abstracts and briefs. Opinion PER CURIAM. Opinion filed Dec. 4, 1885.

No. 1417. Cable v. Ellis. For the facts in this case, as well as what has been heretofore decided, the court refers to